# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2018-0401, <u>In the Matter of Kristie Tetreault and Paul Tetreault</u>, the court on May 2, 2019, issued the following order:**

Having considered brief filed by the defendant, Paul Tetreault (father), and the record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). The father appeals a final order of the Circuit Court (<u>Alfano</u>, J.) in his divorce from the plaintiff, Kristie Tetreault (mother). We affirm.

Pursuant to an agreement between the parties, the trial court awarded the mother sole residential and decision-making responsibility for the parties' two teenage daughters. In its narrative order, the trial court granted the mother's request that the children have no contact with their father until such time as they request such contact and denied the father's request for reunification therapy with them. On appeal, the father argues that the trial court's order constitutes an unsustainable exercise of discretion and effectively terminates his parental rights over his daughters. We disagree.

When determining matters of parental rights and responsibilities, a trial court's overriding concern is the best interest of the children. <u>In the Matter of Miller & Todd</u>, 161 N.H. 630, 640 (2011). "We consider only whether the record establishes an objective basis sufficient to sustain the discretionary judgment made, and we will not disturb the trial court's determination if it could reasonably have been made." <u>In the Matter of Kurowski & Kurowski</u>, 161 N.H. 578, 585 (2011) (quotation omitted). "The trial court's discretion necessarily extends to matters such as assigning weight to evidence and assessing the credibility and demeanor of witnesses." <u>Id</u>. "Conflicts in the testimony, questions about the credibility of witnesses, and the weight assigned to testimony are matters for the trial court to resolve." <u>Id</u>. We will uphold the trial court's factual findings unless the evidence does not support them or they are legally erroneous. <u>See</u> <u>In the Matter of Kempton & Kempton</u>, 167 N.H. 785, 798 (2015). "If the trial court's findings can reasonably be made on the evidence presented, they will stand." <u>Id</u>. at 792.

In the instant matter, the trial court's denial of the father's request for reunification therapy and its grant of the mother's request that the children have no contact with the father until they seek such contact was based upon the following factual findings, which the record supports. The court found that the father had physically abused the mother throughout their marriage and

that this abuse culminated in an assault in 2012 when he attempted to strangle her while screaming that he was going to kill her. The court found that the children witnessed the assault and were traumatized by it. The court observed that the father admitted at the final hearing that his physical abuse of their mother had impacted his children. One of the children sleeps with a hammer under her bed because she is afraid of her father returning. The court found that the children were also traumatized by the father's addiction to heroin and other drugs and his frequent relapses. The court further found that the father had not had any contact with his daughters for at least three years and that his emotional bond with them had been broken. Moreover, the court found that the children, who at the time of the court's order, were thirteen and fourteen, "do not want to see their father at this time." In light of these factual findings, which we uphold because the record supports them, we cannot say that the trial court unsustainably exercised its discretion by denying the father's request for reunification therapy at this time and granting at this juncture the mother's request that the children have no contact with the father until they seek such contact.

To the extent that the father contests the trial court's decision to award the mother sole residential and decision-making responsibility for the parties' children, we conclude that he waived that challenge by agreeing to those terms at the final hearing. See In the Matter of Ball & Ball, 168 N.H. 135, 142 (2015). All issues that the father raised in the notice of appeal, but did not brief, are deemed waived. See In re Estate of King, 149 N.H. 226, 230 (2003).

Affirmed.

Lynn, C.J., and Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Eileen Fox,**
**Clerk**

2